**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AGNES GEORGES,

                              Plaintiff,

    - v -                                                       Civ. No. 1:17-CV-1245
                                                                            (BKS/DJS)

LEVY RATHNER, *et al.*,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

AGNES GEORGES
Plaintiff, *Pro Se*
5 Lowell Place
Baldwin, NY 11510

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Agnes Georges.[1] Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. Plaintiff has also submitted a Motion

---

[1] In addition to the present action, Plaintiff has six other pending actions in this District, five of which she filed on November 13, 2017. *Georges v. Schneiderman*, Civ. No. 1:17-cv-524 (BKS/DJS) (filed May 11, 2017); *Georges v. Hatser*, Civ. No. 1:17-cv-1243 (GTS/CFH) (filed Nov. 13, 2017); *Georges v. Gov Tower VA*, Civ. No. 1:17-cv-1244 (TJM/ATB) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1246 (DNH/CFH) (filed Nov. 13, 2017); *Georges v. Cuomo*, Civ. No. 1:17-cv-1247 (TJM/DJS) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1276 (DNH/DJS)(filed Nov. 20, 2017). Each of these actions appear to recount a substantially similar series of events. Furthermore, Plaintiff seeks to proceed *in forma pauperis* in each action. In Civ. No. 1:17-cv-524 and Civ. No. 1:17-cv-1244, there are pending Report-Recommendations recommending the dismissal of those actions pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and/or for failure to state a claim. Another action, *Georges v. Duchene*, Civ. No. 1:17-cv-86, was terminated on December 7, 2017, after the Report-Recommendation and Order of the undersigned recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) was adopted by the Honorable David N. Hurd, United States District Judge. Plaintiff is warned that further filing of repetitive and frivolous actions requesting *in forma pauperis* status may result in the issuance of an injunction barring Plaintiff from filing further actions without leave of the court. *See* 28 U.S.C. § 1651; *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (affirming entry of injunction against filing further actions without leave of the court).

to Appoint Counsel. Dkt. No. 3. For the reasons that follow, Plaintiff's IFP Application is denied without prejudice as incomplete. It is nonetheless recommended that Plaintiff's Complaint be **dismissed without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

## I.  IFP APPLICATION

A court may permit a litigant to proceed without prepayment of the filing fee if it determines "that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). A litigant seeking to proceed IFP must submit "an affidavit that includes a statement of all assets such [person] possesses." *Id.* "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

Plaintiff's IFP Application indicates that she has no income from any sources; however, she has failed to complete the remainder of the form. *See* IFP App. "Without submission of a completed financial affidavit, a plaintiff's application is incomplete, and this defect alone warrants denial of the IFP application." *Sawabini v. O'Connor Hosp.*, 2015 WL 582756, at *3 (N.D.N.Y. Aug. 31, 2015). Accordingly, Plaintiff's IFP Application is **denied without prejudice**.

## II.  INITIAL REVIEW OF THE COMPLAINT

Where a plaintiff seeks to proceed *in forma pauperis*, § 1915(e) directs the Court to "dismiss the case *at any time* if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). The Court shall dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been

paid." *Id.* Here, the Court recommends that Plaintiff's Complaint be **dismissed** as frivolous and because it fails to state a claim.

### A. Legal Standard

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court's initial review of a complaint under § 1915(e) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Thus, under Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with this Rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no

meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## B. Analysis

In bringing this action, Plaintiff utilized this District's *pro forma* complaint for actions brought pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-5. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e–2(a)(1).  To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendants of the basis for the claim."  *Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

Plaintiff indicates that she has suffered sex discrimination, and states that her "CNA license been seal, I canit [*sic*] get a job."  Compl. at ¶¶ 6-7.  Apart from that statement, however, there is nothing in the Complaint related to employment that would suggest a Title VII claim.  Plaintiff's Complaint fails to satisfy basic pleading standards and consists of incomplete and incoherent sentences.  Indeed, even employing its best efforts in due deference to Plaintiff's *pro se* status, the Court is unable to discern any coherent factual allegations in the Complaint, much less what legal claims Plaintiff intends to raise.

Plaintiff names "Levy Rathner, Commander of Chief (Network)" as a Defendant, yet makes no specific factual allegations against that individual, other than stating that he "is responsible for the entire lawsuit."  Compl. at ¶ 9.  It is unclear who this individual is, or what wrongdoing Plaintiff alleges that he committed.  Plaintiff also names the "105 Precinct 92-02 Queens Village, Jamaica, N.Y." as a Defendant.  *Id.* at ¶ 3.  The body of the Complaint refers to "three cars crash by revenge + an burn by revenge, two houses, I used to live been vandalism."  *Id.* at ¶ 8.  Plaintiff also alleges that the cable boxes in her house have been used to spy on her family and that the police have sent her son child pornography.  *Id.*  In the Cause of Action section, she claims that the police falsely accused her of prostitution in order to take custody of her child and give him to a "fake father."  *Id.* at ¶ 9.  It is entirely unclear who is responsible for any of this conduct, or how it connects to any claim for legal relief.

Accordingly, the Court recommends that the Complaint be dismissed as frivolous and for failure to state a claim. Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, the Court finds that Plaintiff's Complaint does not suggest any non-frivolous causes of action. Furthermore, Plaintiff's litigation history in this District—where she has filed numerous actions complaining of a substantially similar series of events in a span of weeks— counsels against granting leave to amend. The Court therefore recommends that the Complaint be dismissed **without leave to amend**.

### III. MOTION TO APPOINT COUNSEL

Also before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. No. 3. Plaintiff's Motion is incomplete, and does not indicate whether she has attempted to obtain counsel on her own, or the reasons why the Court should appoint her *pro bono* counsel. *See id.*

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim

satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

At this stage of the litigation, where the Complaint has not yet been served on the Defendants and they have not had the opportunity to respond to Plaintiff's allegations, Plaintiff's Motion for Appointment of Counsel is premature. Accordingly, Plaintiff's Motion to Appoint Counsel is **denied** with leave to renew should the District Judge allow this action to proceed.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **DENIED without prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   December 11, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).